IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

MELISSA M. McCALL,

   Plaintiff,

v.

MIDLAND FUNDING, LLC,

   Defendant.

Case No. 6:19-cv-00484

## COMPLAINT

NOW COMES, MELISSA M. McCALL, through counsel, SULAIMAN LAW GROUP, LTD., complaining of MIDLAND FUNDING, LLC, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*; and the automatic stay, 11 U.S.C. § 362.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. MELISSA M. McCALL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Oakwood, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MIDLAND FUNDING, LLC ("Defendant") is a foreign limited liability company with its principal place of business located in San Diego, California.

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for and obtained a Citibank, N.A. credit card.

11. Plaintiff made various personal charges on this credit card.

12. Plaintiff fell into default on payments to Citibank, N.A.

13. Citibank, N.A. placed Plaintiff's account with Defendant for collection.

14. On September 28, 2017, Defendant obtained a default judgment against Plaintiff in the Justice Court, Precinct 2, of Leon County, Texas.

15. The judgment provided that Defendant recover from Plaintiff the principal sum of $2,544.52, and all costs of court.

16. The judgment is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an unpaid obligation to pay money arising out of a transaction in which the money which is the subject of the transaction is primarily for personal, family, or household purposes.

17. On March 27, 2019, the justice court issued a writ of garnishment for service on Plaintiff's banking institution, Wells Fargo Bank, N.A.

18. Plaintiff's bank records show the following garnishment deductions:

| Date | Amount |
|---|---|
| 03/27/2019 | $523.51 |
| 03/27/2019 | $125.00 |

      03/27/2019                                    $572.59
      04/01/2019                                    $482.76
      04/02/2019                                    $1,675.15

19.     On April 3, 2019, Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

20.     Simultaneously with the voluntary petition for relief, Plaintiff filed his Schedule E/F: Creditors Who Have Unsecured Claims – listing Defendant.

21.     Defendant received the Notice of Chapter 7 Bankruptcy Case issued by the bankruptcy clerk's office on April 5, 2019.

22.     On April 23, 2019, $4.99 was garnished from Plaintiff's banking account after the bankruptcy filing.

23.     On several occasions thereafter, Plaintiff's bankruptcy attorneys' requests that Defendant turn over monies that were garnished post-petition were ignored/rebuffed.

## **DAMAGES**

24.     Defendant's post-petition garnishment caused Plaintiff $4.99 in monetary damages as well as emotional distress.

25.     Specifically, Defendant's continued post-petition garnishment caused Plaintiff to question whether Plaintiff's bankruptcy had any effect.

26.     Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's post-petition collection efforts ceased.

27.     Accordingly, Plaintiff needed to expend time consulting with attorneys as direct result of Defendant's unlawful collection efforts.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692f

29. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

30. The automatic stay arises upon the filing of a bankruptcy case to operate as "a self executing injunction … prevent[ing] creditors from taking any collection actions against the debtor or the property of the debtor's estate for pre-petition debts." *Campbell v. Countrywide Home Loans, Inc*., 545 F.3d 348, 354-55 (5th Cir. 2008) (citing 11 U.S.C. § 362(a)).

31. Specific to the facts here, the stay enjoins creditors from attempting to recover a prepetition claim against the debtor by continuing to prosecute a judicial proceeding commenced before the bankruptcy case was filed. 11 U.S.C. § 362(a)(1); *see also* 11 U.S.C. § 362(a)(2) (enjoining "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case").

32. "In a garnishment proceeding, no amounts should be seized or withheld from the [d]ebtor after the filing of a bankruptcy petition." *In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001).

33. Defendant's post-petition garnishment of $4.99, is unfair or unconscionable and, as a result, violates 15 U.S.C. § 1692f(1).

34. Plaintiff may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A. find that Defendant violated 15 U.S.C. § 1692f(1);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## COUNT II:
### Automatic Stay (11 U.S.C. § 362)

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. The Bankruptcy Code provides a private right of action to an individual injured by a "willful" violation of the stay. See 11 U.S.C. § 362(k)(1).

37. A stay violation is willful if "the defendant knew of the automatic stay and the defendant's actions which violated the stay were intentional." *Campbell*, 545 F.3d at 355 (quoting *Brown v. Chesnut* (*In re Chesnut*), 422 F.3d 298, 302 (5th Cir. 2005).

38. "In a garnishment proceeding, no amounts should be seized or withheld from the [d]ebtor after the filing of a bankruptcy petition." *In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001).

39. A garnishing creditor, upon receiving notice of the bankruptcy, must implement the stay by "tak[ing] all necessary action" to stop the garnishment. *Id.*

40. The failure to dismiss a garnishment is a violation of the automatic stay. *Dennis v. Pentagon Federal Credit Union* (*In re Dennis*), 17 B.R. 558, 561 (Bankr. M.D. Ga. 1982) *see also Elder v. City of Thomasville, Georgia* (*In re Elder*), 12 B.R. 491 (Bankr. M.D. Ga. 1981).

41. Defendant willfully violated the automatic stay by failing to stop the garnishment of Plaintiff's account.

42. Defendant willfully violated the automatic stay by refusing to turn over the funds that were garnished from Plaintiff post-petition.

43. Defendant received the Court's notice of Plaintiff's bankruptcy filing.

44. Section 362(h) of the Bankruptcy Code provides:

> **§ 362. Automatic Stay**
>
> …
>
> > (h)  An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

**WHEREFORE**, Plaintiff request the following relief:

A.  find that Defendant violated 11 U.S.C. § 362;

B.  award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 11 U.S.C. § 362(h);

C.  award such punitive damages, as the Court may allow, pursuant to 11 U.S.C. § 362(h);

D.  award costs and attorneys' fees as the Court may allow, pursuant to 11 U.S.C. § 362(h); and

E.  award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 22, 2019                                  Respectfully submitted,

**MELISSA M. McCALL**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200

Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com